UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO. 6:06-cr-39-JA-DCI-1

LAWRENCE ALEXANDER
ALVARADO

## ORDER

Before the Court is Defendant Lawrence Alexander Alvarado's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Doc. 193). Alvarado seeks a reduction of the prison sentence imposed after his supervised release was revoked when he committed new criminal conduct that was charged by the state of Florida. (Doc. 174; Doc. 181).

Previously, the Office of the Federal Defender was appointed to represent Alvarado for the purpose of sentence reduction proceedings under Amendment 821 to the Sentencing Guidelines. (Doc. 197). The Office of the Federal Defender and the United States Probation Office submit that Alvarado is ineligible for a sentence reduction under Amendment 821 because he is serving a term of imprisonment related to a revocation of supervised release. (Doc. 196; Doc. 202).

While it may be correct that Alvarado is ineligible for relief under Amendment 821, Alvarado's motion seeks a sentence reduction under

Amendment 826 to the Sentencing Guidelines—not Amendment 821. Amendment 826 added subsection (c) to U.S.S.G. § 1B1.3. Subsection (c) provides that acquitted conduct is not relevant conduct for determining a defendant's guideline sentencing range. *See* U.S. Sent'g Comm'n, *Adopted Amendments (Effective November 1, 2024)*, Amend. 826.

Assuming that a sentence reduction is available under Amendment 826, the amendment does not offer Alvarado relief. "Acquitted conduct" for purposes of § 1B1.3(c) is "conduct for which the defendant was criminally charged and acquitted in federal court." U.S.S.G. § 1B1.3(c). Alvarado's revocation of supervised release was based on state offenses that were not charged in federal court. His argument—that one state charge was dismissed by state attorneys due to a lack of evidence and that he is innocent of other state charges—confirms that his state offenses are not "acquitted conduct" for purposes of Amendment 826. (*See* Doc. 193 at 2).

Accordingly, Alvarado's motion for a sentence reduction (Doc. 193) is **denied.**

**DONE** and **ORDERED** on January 9, 2026.

> JOHN ANTOON II
> United States District Judge

Copies furnished to:

United States Attorney
United States Probation Office
Counsel for Defendant
Lawrence Alexander Alvarado